# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARY STEVENS,

    *Plaintiff,*

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

    *Defendant.*

Case No. 12-1414-EFM

## MEMORANDUM AND ORDER

Plaintiff Gary Stevens filed this pharmaceutical product liability suit against the makers of Zometa, Defendant Novartis Pharmaceuticals Corporation, alleging that the medication caused osteonecrosis of Stevens's jaw. Novartis now moves to strike portions of Stevens's amended complaint as either procedurally defective or preempted by federal law. Because the Court finds no procedural defects in the complaint and believes Novartis's arguments are premature, the Court denies Novartis's motion to strike.

Stevens initially filed suit in 2006 in the Southern District of New York, but the case was consolidated as part of a multidistrict litigation and transferred to the Eastern District of Tennessee. After discovery in 2011, the case was remanded to the Southern District of New York and then transferred to the District of Kansas by consent of the parties. On July 11, 2013, the Court granted Stevens's motion to file an amended complaint pursuing punitive damages

against Novartis.  The Court's order gave Novartis two weeks to file "a targeted motion" to strike portions of the amended complaint.  Novartis now moves to strike two portions of Stevens's amended complaint.

First, Novartis asks the Court to strike paragraph 53 of the amended complaint, in which Stevens requests damages for lost wages or earnings, on the grounds that Stevens did not request the Court's leave to add a claim for lost earnings.  Novartis also states that Stevens has failed to allege facts sufficient to show that he lost wages and earnings, necessitating dismissal under Fed. R. Civ. P. 12(b)(6).  But Stevens notes that his original complaint did include a prayer for "loss of past and future income."  Furthermore, Stevens's amended complaint "contains 'enough facts to state a claim to relief that is plausible on its face.'"[1]  Stevens has alleged an injury and its cause—it takes no imagination to assume he will consequently assert that his wages have or will be affected by this injury.  Therefore, dismissal for failure to state a claim is inappropriate at this time.

Second, Novartis argues that paragraph 40 of the amended complaint must be stricken because Stevens has no standing to allege a violation of the Food, Drug, and Cosmetic Act ("FDCA").  Novartis contends that only the FDA has the authority to enforce the FDCA.  But Stevens explains in his response to Novartis's motion: "Paragraph 40 of Mr. Stevens' Amended Complaint simply contains factual assertions that support Mr. Stevens' prayer for punitive damages.  Mr. Stevens is not attempting to privately enforce the [FDCA] and/or circumvent the

---

[1] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

FDA's enforcement authority."[2]  As such, Novartis's argument for striking paragraph 40 is inapposite.

**IT IS ACCORDINGLY ORDERED** this 30th day of August, 2013, that Defendant's Motion to Strike Amended Complaint (Doc. 64) is hereby **DENIED**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2] Resp. to Mot. to Strike, Doc. 66, at 4.